**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELMER LOPEZ<br>8809 Glenville Road<br>Silver Spring, MD 20901<br><br>　　Plaintiff, on behalf of himself<br>　　all similarly situated individuals<br><br>v.<br><br>HEALTHY & FRESH PIZZERIA LLC<br>1409 H Street NE<br>Washington, DC 20002<br><br>　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

## Introduction

1.　Plaintiff was employed by the 1409 H Street NE location of "Manny & Olga's," a fast food restaurant operated by Defendant. Though Plaintiff worked a significant amount of overtime, Defendant paid Plaintiff the same amount per hour for each hour worked. For the first approximately five months, Defendant paid Plaintiff a sub-minimum wage of $6.00 per hour for all hours worked. For the next approximately two months, Defendant paid Plaintiff $9.00 per hour for all hours worked. Moreover, Defendant did not pay Plaintiff for his last 97 hours of work.

2.　Plaintiff brings this action on behalf of himself and all similarly situated individuals, for damages arising from Defendant's willful failure to pay earned wages, including minimum and overtime wages, in violation of: the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq*.; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code §§ 32-1001 *et seq*.

3. Plaintiff brings his DCWPCL claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3). Plaintiff brings his FLSA and DCMWA claims as "collective actions," pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012.

## Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

6. Plaintiff Elmer Lopez is an adult resident of Montgomery County, Maryland. He resides at: 8809 Glenville Road; Silver Spring, MD 20901.

7. Defendant Healthy & Fresh Pizzeria, LLC is a District of Columbia corporation. Healthy & Fresh Pizzeria, LLC's principal place of business is: 1409 H Street NE; Washington, DC 20002. Healthy & Fresh Pizzeria, LLC's resident agent for service of process is: Zahiruddin M. Asad; 1515 Ogden Street NW, Apt. 524; Washington, DC 20010.

8. At all times relevant to this action, Defendant was an employer within the meaning of D.C. Code § 32-1002(3), D.C. Code § 32-1301(1), and 29 U.S.C. § 203(d).

9. At all times relevant to this action, Plaintiff and other similarly situated individuals were employed by Defendant within the meaning of D.C. Code § 32-1002(1), D.C. Code § 32-1301(1), and 29 U.S.C. § 203(g).

10. At all times relevant to this action, Defendant was an enterprise(s) engaged in interstate commerce.

11. On information and belief, Defendant's annual gross volume of business exceeds $500,000.

## Factual Allegations

12. On or about June 4, 2013, Plaintiff was hired by Defendant to work at a fast food restaurant doing business as "Manny & Olga's," located at 1409 H Street NE; Washington, DC 20002.

13. From June 4, 2013 to December 31, 2013, Plaintiff was employed by Defendant as a general restaurant laborer: washing dishes, cleaning the premises, and preparing food.

14. For each of the following workweeks, Plaintiff worked the following number of hours:

| Workweek | | Hours | Regular Hours | Overtime Hours |
|---|---|---|---|---|
| 06/03/13 | 06/09/13 | **89.2** | 40.0 | 49.2 |
| 06/10/13 | 06/16/13 | **73.7** | 40.0 | 33.7 |
| 06/17/13 | 06/23/13 | **63.7** | 40.0 | 23.7 |
| 06/24/13 | 06/30/13 | **54.4** | 40.0 | 14.4 |
| 07/01/13 | 07/07/13 | **93.3** | 40.0 | 53.3 |
| 07/08/13 | 07/14/13 | **57.2** | 40.0 | 17.2 |
| 07/15/13 | 07/21/13 | **61.1** | 40.0 | 21.1 |
| 07/22/13 | 07/28/13 | **43.3** | 40.0 | 3.3 |
| 07/29/13 | 08/04/13 | **63.2** | 40.0 | 23.2 |
| 08/05/13 | 08/11/13 | **60.5** | 40.0 | 20.5 |
| 08/12/13 | 08/18/13 | **51.5** | 40.0 | 11.5 |
| 08/19/13 | 08/25/13 | **51.8** | 40.0 | 11.8 |
| 08/26/13 | 09/01/13 | **65.8** | 40.0 | 25.8 |
| 09/02/13 | 09/08/13 | **49.5** | 40.0 | 9.5 |
| 09/09/13 | 09/15/13 | **19.7** | 19.7 | 0.0 |
| 09/16/13 | 09/22/13 | **27.6** | 27.6 | 0.0 |
| 09/23/13 | 09/29/13 | **25.6** | 25.6 | 0.0 |
| 09/30/13 | 10/06/13 | **22.9** | 22.9 | 0.0 |
| 10/07/13 | 10/13/13 | **90.2** | 40.0 | 50.2 |

| | | | | |
|---|---|---|---|---|
| 10/14/13 | 10/20/13 | **58.0** | 40.0 | 18.0 |
| 10/21/13 | 10/27/13 | **55.1** | 40.0 | 15.1 |
| 10/28/13 | 11/03/13 | **58.2** | 40.0 | 18.2 |
| 11/04/13 | 11/10/13 | **59.1** | 40.0 | 19.1 |
| 11/11/13 | 11/17/13 | **53.4** | 40.0 | 13.4 |
| 11/18/13 | 11/24/13 | **53.0** | 40.0 | 13.0 |
| 11/25/13 | 12/01/13 | **58.0** | 40.0 | 18.0 |
| 12/02/13 | 12/08/13 | **59.0** | 40.0 | 19.0 |
| 12/09/13 | 12/15/13 | **60.0** | 40.0 | 20.0 |
| 12/16/13 | 12/22/13 | **53.0** | 40.0 | 13.0 |
| 12/23/13 | 12/29/13 | **79.0** | 40.0 | 39.0 |
| 12/30/13 | 01/05/14 | **18.0** | 18.0 | 0.0 |

15.   For Plaintiff's work from June 4, 2013 through approximately November 3, 2013, Defendant paid Plaintiff $6.00 per hour for each hour worked.

16.   In early November 2013, Plaintiff's manager informed Plaintiff that his salary would be increased to $9.00 per hour.

17.   For Plaintiff's work from approximately November 4, 2013 through December 22, 2013, Defendant paid Plaintiff $9.00 per hour for each hour worked.

18.   On January 1, 2014, Plaintiff's manager informed Plaintiff that the restaurant no longer required Plaintiff's services. Plaintiff never worked for Defendant again.

19.   Defendant never paid Plaintiff for the 97 hours of work Plaintiff performed from December 23, 2013 through December 31, 2013.

20.   At all relevant times, the federal minimum hourly wage required by the FLSA was $7.25, and the D.C. minimum hourly wage required by the DCMWA was $8.25.

21.   At all relevant times, the DCWPCL, the DCMWA, and the FLSA required Defendant to pay Plaintiff one and one-half times the applicable minimum wage for hours worked in excess of 40 hours in any one work week.

22. For Plaintiff's work from June 4, 2013 through December 31, 2013, Defendant should have paid Plaintiff $16,624.45.

23. For Plaintiff's work from June 4, 2013 through December 31, 2013, Defendant only paid Plaintiff $10,972.50.

24. For Plaintiff's work from June 4, 2013 through December 31, 2013, Defendant owes Plaintiff $5,651.95 in unpaid minimum and overtime wages.

25. On information and belief, there are 20–30 current and former employees of Defendant who had the same job responsibilities as Plaintiff, and who: 1) have been paid a sub-minimum hourly wage, 2) have been paid the same hourly wage for all hours worked, including overtime hours, and/or 3) have not been paid for the work performed in their final workweeks.

26. At all times relevant to this Complaint, Defendant had the power to hire and fire Plaintiff and the other employees of its restaurant.

27. At all times relevant to this Complaint, Defendant supervised and controlled the work of Plaintiff and the other employees of its restaurant.

28. At all times relevant to this Complaint, Defendant controlled the compensation of Plaintiff and the other employees of its restaurant.

29. On information and belief, Defendant was at all times aware that it was legally required to pay the legal minimum wage.

30. On information and belief, Defendant was at all times aware that it was legally required to pay its non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

31. On information and belief, Defendant was at all times aware that it was legally required to pay promised wages for all work performed by its employees.

**Class Action Allegations for Claims Under the DCWPCL**

32. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

33. Plaintiff seeks to represent a class of: All current and former non-exempt employees of the restaurant doing business as "Manny & Olga's" at 1409 H Street NE who have not been paid minimum wages, overtime wages, and/or promised wages, in violation of the D.C. Wage Payment and Collection Law.

34. Plaintiff brings this class action under Fed. R. Civ. P. 23(b)(3) for Defendant's failure to pay wages in violation of the DCWPCL.

35. Pursuant to the DCWPL, Plaintiff seeks, on behalf of himself and all similarly situated individuals, unpaid wages, three times the amount of unpaid wages as liquidated damages, interest, attorneys' fees, and costs.

36. The putative class consists of approximately 20–30 former employees of Defendant, who are believed to be mostly Latino immigrants of limited means with limited English proficiency. Joinder of all members would be impracticable.

37. Questions of law and fact are almost completely identical among the putative class members. Among the common questions: 1) Was Defendant an employer of the Plaintiffs within the meaning of the DCWPCL?; 2) Were the Plaintiffs employees of Defendant within the meaning of the DCWPCL?; 3) Were the Plaintiffs non-exempt employees of the Defendant under the DCWPCL; 4) Did Defendant pay an hourly wage below that which was legally required?; 5) Did Defendant fail to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek?; 6) Did Defendant fail to pay Plaintiffs anything for some of their hours?; 7) Were Defendant's violations of the DCWPCL willful; and 8) Is Defendant liable for unpaid wages, three times the amount of unpaid wages as

liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court?

38.     Plaintiff's claims are typical of the class he seeks to represent, and he would be an adequate class representative. He is a former non-exempt employee of Defendant's restaurant who was paid a sub-minimum wage, who was denied overtime compensation, and who was not paid for some workweeks, all in violation of the D.C. Wage Payment and Collection Law. He is owed an amount that is believed to be close to the average of that owed to each member of the putative class. There is no reason that he would not fairly and adequately represent the putative class, as his claims are virtually identical to those of every putative class member.

39.     The questions of law and fact common to the putative class predominate over any questions affecting individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Each putative class member has suffered virtually identical harms that differ only in degree. Any difference between the amount that is therefore owed to each putative class member can be resolved by a basic spreadsheet.

## Collective Action Allegations Under the FLSA

40.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

41.     Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of : All current and former non-exempt employees of the restaurant doing business as "Manny & Olga's" at 1409 H Street NW, who have not been paid minimum wages or overtime wages, in violation of the Fair Labor Standards Act.

42.     Plaintiff and the putative collective action members are "similarly situated," as each putative collective action member has suffered an essentially identical harm: they were not paid

the federal minimum wage and/or federally-mandated overtime wages for their work at Defendant's restaurant.

## Collective Action Allegations Under the DCMWA

43. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

44. Plaintiff brings this lawsuit as a collective action pursuant to D.C. Code § 32-1012 on behalf of : All current and former non-exempt employees of the restaurant doing business as "Manny & Olga's" at 1409 H Street NW, who have not been paid minimum wages or overtime wages, in violation of the D.C. Minimum Wage Act Revision Act.

45. Plaintiff and the putative collective action members are "similarly situated," as each putative collective action member has suffered an essentially identical harm: they were not paid the District of Columbia minimum wage and/or District of Columbia-mandated overtime wages for their work at Defendant's restaurant.

## COUNT I
## FAILURE TO PAY WAGES UNDER THE DCWPCL

46. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

47. Plaintiff, and other similarly situated current and former employees of Defendant, are "employees" within the meaning of the DCWPCL, D.C. Code § 32-1301(2).

48. Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

49. Defendant violated the DCWPCL by knowingly failing to pay Plaintiff, and other similarly situated current and former employees of Defendant, all wages earned.

50. Defendant's violations of the DCWPCL were willful.

51. For its violations of the DCWPCL, Defendant is liable to Plaintiff, and other similarly situated current and former employees of Defendant, for unpaid wages, three times the amount of

unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **COUNT II**
## **FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

52.   Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

53.   Plaintiff, and other similarly situated current and former employees of Defendant, were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

54.   Plaintiff, and other similarly situated current and former employees of Defendant, were "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. § 213.

55.   Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

56.   The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

57.   The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

58.   Defendant violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff and other similarly situated current and former employees of Defendant.

59.   The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

60.   Defendant violated the FLSA by knowingly failing to pay Plaintiff, and other similarly situated current and former employees of Defendant, one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

61.   Defendant's violations of the FLSA were willful.

62.     For its violations of the FLSA, Defendant is liable to Plaintiff, and other similarly situated current and former employees of Defendant, for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **COUNT III**
## **FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

63.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

64.     Plaintiff, and other similarly situated current and former employees of Defendant, are "employees" within the meaning of the DCMWA, D.C. Code § 32-1002(2).

65.     Plaintiff, and other similarly situated current and former employees of Defendant, are "non-exempt" employees within the meaning of the DCMWA, D.C. Code § 32-1004.

66.     Defendant was an "employer" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

67.     The DCMWA requires that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

68.     Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff and other similarly situated current and former employees of Defendant.

69.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

70.     Defendant violated the DCMWA by knowingly failing to pay Plaintiff, and other similarly situated current and former employees of Defendant, one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

71.     Defendant's violations of the DCMWA were willful.

72.     For its violations of the DCMWA, Defendant is liable to Plaintiff, and other similarly situated current and former employees of Defendant, for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated current and former employees of Defendant, respectfully requests that this Court enter judgment against Defendant on all counts, and grant the following relief:

a.      Award Plaintiff, and other similarly situated current and former employees of Defendant, unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff, and other similarly situated current and former employees of Defendant, unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

c.      Award Plaintiff, and other similarly situated current and former employees of Defendant, unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to DCMWA, D.C. Code § 32-1012;

d.      Award Plaintiff, and other similarly situated current and former employees of Defendant, prejudgment and postjudgment interest as permitted by law.

e.      Award Plaintiff, and other similarly situated current and former employees of Defendant, reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    f.    Award Plaintiff, and other similarly situated current and former employees of Defendant, court costs; and

    g.    Award any additional relief the Court deems just.

Date: 03/17/2014                          Respectfully submitted,

                                             /s/ Justin Zelikovitz
                                             Justin Zelikovitz, #986001
                                             LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                             519 H Street, NW; Second Floor
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com